# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

WILLOMAN C. BROWN, SR., )
)
Petitioner, )
)
v. ) Case No. CIV-16-312-JHP-KEW
)
JOE M. ALLBAUGH, )
)
Respondent. )

## OPINION AND ORDER

Petitioner, a *pro se* prisoner incarcerated at North Fork Correctional Center in Sayre, Oklahoma, filed a petition for a writ of habeas corpus, challenging the revocation proceedings and issues surrounding those proceedings which arose out of his conviction in Muskogee County District Court Case No. CF-2006-172 for Possession of a Controlled Substance. Respondent has filed a motion to dismiss for failure to exhaust state court remedies (Dkt. 7) since petitioner did not appeal his underlying plea of guilty or his revocation proceedings and a brief in support (Dkt. 8). Petitioner also filed a motion to stay these proceedings in order to file an appeal out of time (Dkt. 10) and a motion for temporary administrative closure and/or stay of proceedings (Dkt. 17). In these two motions, petitioner admits that he will have to file an appeal out of time in order to adjudicate the issues contained in his petition.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). In order for

petitioner to be entitled to habeas relief under 28 U.S.C. § 2254, he must completely exhaust

all of his state court remedies before coming to the federal courts. *Rose v. Lundy*, 455 U.S.

509 (1982). The Court must dismiss a state prisoner's habeas petition if he has not exhausted

the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501

U.S. 722, 731 (1991). "To exhaust a claim, a state prisoner must pursue it through 'one

complete round of the State's established appellate review process,' giving the state courts

a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644

F.3d 984, 1026 (10th Cir. 2011)(citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct.

1728, 144 L.Ed.2d 1 (1999)). Petitioner bears the burden of proving he has exhausted state

court remedies or that exhaustion would have been futile. *Id.*

The petition indicates petitioner's sentence was revoked on June 29, 2016, petitioner

filed a motion for reconsideration and is awaiting a ruling on said motion from the state court

judge. Additionally, the petition indicates petitioner has a pending writ of habeas corpus in

state court on the 2015 cases[1] which appear to have been the basis for the 2016 revocation.

Thus, this court finds petitioner has failed to exhaust all available state court remedies.

Petitioner has not established good cause for his failure to exhaust his claims before filing

this petition or that exhaustion would be futile. As a result, this court hereby **grants**

respondent's motion to dismiss for failure to exhaust (Dkt. 7) and **denies** petitioner's motions

---

[1]Muskogee County District Court Case Nos. CF-2015-851 and CF-2015-1024.

to stay this case (Dkts. 10 and 17).  Further, pursuant to Rule 11 of the Rules Governing

Section 2254 Proceedings, the court hereby declines to issue a certificate of appealability.

It is so ordered on this 28th day of July 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma